```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTOPHER BYRNES,

                    Plaintiff,                                     REPORT AND
                                                                  **RECOMMENDATION**

                                                                  CV 18-1485 (ADS) (AKT)
        - against -


ELTMAN LAW, P.C.,

                    Defendant.
---------------------------------------------------------------X
```

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

I.   **PRELIMINARY STATEMENT**

  Plaintiff Christopher Byrnes ("Plaintiff") commenced the instant action against Defendant Eltman Law, P.C. ("Defendant") for its alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See generally* Complaint ("Compl.") [DE 1]. Specifically, Plaintiff alleges that a collection letter sent by Defendant to Plaintiff in connection with a debt stemming from personal medical services provided by Stony Brook Psychiatric Associates, P.C. and Stony Brook Orthopedic Associates, violates several provisions of the FDCPA. *See generally id.* After Defendant failed to answer the Complaint, Plaintiff requested a Certificate of Default from the Clerk of the Court. *See* DE 9. On June 27, 2018, the Clerk issued a Certificate of Default pursuant to Federal Rule of Civil Procedure 55(a). *See* DE 10. Thereafter, Plaintiff filed his motion for entry of default judgment. *See* DE 13.

  Judge Spatt has referred the matter to this Court for a Report and Recommendation as to whether the motion for default judgment should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded. *See* DE 14. Based

upon the information submitted by the Plaintiff as well as the applicable law, and for the reasons set forth below, the Court respectfully recommends to Judge Spatt that Plaintiff's motion for entry of default judgment be DENIED.

## II. BACKGROUND

### A. The Complaint

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. Defendant Eltman Law, P.C., is a New Jersey Professional Corporation regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Compl. ¶¶ 7-8. Defendant alleges that Plaintiff owes a debt incurred in connection with personal medical services provided by Stony Brook Psychiatric Associates, P.C. and Stony Brook Orthopedic Associates. *Id*. ¶¶ 10-11, 17. Sometime after incurring the debt, Plaintiff fell behind on payments owed. *Id*. ¶ 12. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection. *Id*. ¶ 13.

In its efforts to collect the debt, Defendant contacted Plaintiff by letter dated March 2, 2017 ("the Letter"). Compl. ¶ 14. The Letter was the initial communication Plaintiff received from Defendant. *Id*. ¶ 15. The Letter sets forth an "Amount Due" of $122,066.17. *Id*. ¶ 18. The Letter states as follows:

> As of the date of this letter you owe a balance of $122,066.17. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before your check is deposited.

*Id*. ¶ 19. Plaintiff alleges that the Letter: (1) fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future; (2) fails to provide information that would allow the least sophisticated consumer to

2

determine what he or she will need to pay to resolve the debt at any given moment in the future; (3) fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed; (4) fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase; (5) fails to state what part of the amount stated is attributable to principal; (6) fails to state what part of the amount stated is attributable to interest; and (7) fails to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date. *Id.* ¶¶ 20-22, 26-29. By way of example, Plaintiff states that the Letter fails to indicate the applicable interest rate, the date of accrual of interest, and the amount of interest during any measurable period. *Id.* ¶¶ 23-25.

Plaintiff asserts that because of the foregoing failures, the Letter would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter, what he or she will need to pay to resolve the debt at any given moment in the future, or the amount of his or her debt. Compl. ¶¶ 30-32. Similarly, Plaintiff avers that the Letter did not convey "the amount of the debt" clearly or accurately and without ambiguity from the perspective of the least sophisticated consumer. *Id.* ¶¶ 34-36.

Based upon the above allegations, Plaintiff contends that Defendant's collections letter violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692g.

### B. Procedural History

Plaintiff filed the Complaint in this action on March 9, 2018. *See* DE 1. On May 21, 2019, Plaintiff's counsel appeared before the undersigned for a telephone conference to discuss the status of service, proof of which had not yet been filed at the time of the conference. *See* DE 7. Counsel informed the Court that he was attempting to get confirmation from his process

server that the Complaint was served. *See id.* On May 21, 2019, Plaintiff's counsel filed proof of service, indicating that service on Defendant had been effected on May 10, 2018 by way of service of the Summons and Complaint on the New York Secretary of State. *See* DE 8.

On June 26, 2018, Plaintiff requested a Certificate of Default from the Clerk of the Court. *See* DE 9. The next day, June 27, 2018, the Clerk noted and certified Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). *See* DE 10. On June 29, 2019, the undersigned again held a telephone conference with Plaintiff's counsel, at which time the Court directed counsel that "[t]he formal motion for entry of default judgment with all the necessary exhibits is to be filed on ECF no later than July 30, 2018." DE 12.

No motion for default judgment was filed by July 30, 2018. Similarly, August, September, and October came and went with no activity by Plaintiff's counsel. On November 1, 2018, this Court issued an Order observing that no motion had been filed. The Court directed counsel to respond in writing within fourteen days as to why the matter should not be dismissed for failure to comply with the Court's Orders. *See* November 14, 2018 Electronic Order. Rather than providing an explanation why the action should not be dismissed as the Court directed, Plaintiff's counsel filed a motion for entry of default judgment on November 14, 2018. *See* DE 13. The next day, Judge Spatt referred Plaintiff's motion to this Court for a Report and Recommendation as to whether the motion should be granted. *See* DE 14.

### III. LEGAL STANDARD

For a movant to obtain a default judgment, it must complete a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once the clerk's certificate of default is issued, the

4

moving party may then make an application for entry of a default judgment, pursuant to FED. R. CIV. P. 55(b). A default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. *See* FED. R. CIV. P. 8(b)(6); *Joe Hand Promotions, Inc. v. Duke Bazzel Tobacco & Lounge LLC*, No. 13 Civ. 300, 2014 WL 2711168, at *1 (N.D.N.Y. Jun. 16, 2014); *Gesualdi v. Specialty Flooring Systems, Inc.*, No. 11 Civ. 5937, 2014 WL 2208195, at *2 (E.D.N.Y. May 28, 2014); *Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp.*, No. 06 Civ. 1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.I. U.I. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)); *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 158 (E.D.N.Y. 2008) (citing *Garden City Boxing Club, Inc. v. Batista*, No. 05 Civ. 1044, 2007 WL 4276836, at *2 (E.D.N.Y. Nov. 30, 2007)).

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13 Civ. 4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014), *adopted by* 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014); *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009). The fact that a complaint remains unanswered will not alone suffice to establish liability on its claims, since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading." *Said v. SBS Elecs., Inc.*, No. 08 Civ. 3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *adopted as mod. by* 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

In determining whether a default judgment should be entered, courts consider the same factors that apply to a motion to set aside entry of a default, namely: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12 Civ. 2067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.,* No. 02 Civ. 9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)); *see O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (finding that courts may consider "numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt" when deciding a motion for default judgment); *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) (finding that the grounds for a default judgment were established by the defendant's failure to answer the complaint, particularly in light of the fact that the defendant had expressed no intention to do so at a later time).

Ultimately, the decision to grant a motion for default judgment is left to the sound discretion of the court. *See Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) ("In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court."); *Palmieri v. Town of Babylon*, 277 Fed. App'x 72, 74 (2d Cir. 2008); *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.

1983) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits."); *Ainbinder v. Money Ctr. Fin. Grp., Inc.*, No. 10 Civ. 5270, 2014 WL 1220630, at *2 (E.D.N.Y. Mar. 24, 2014) ("The determination of a motion for default judgment is left to the sound discretion of the district court.") (citing *Shah*, 168 F.3d at 615).

## IV. DISCUSSION

### A. Default Judgment

#### 1. *Willfulness*

When a defendant is continually and "entirely unresponsive" despite having been properly served, a defendant's failure to respond is considered willful. *Trs. of the Pavers and Rd. Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. JREM Constr. Corp.*, No. 12 Civ. 3877, 2013 WL 618738 at *3 (E.D.N.Y. Jan. 28, 2013); *Bridge Oil Ltd. v. Emerald Reefer Lines*, LLC, No. 06 Civ. 14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). For this reason, and as discussed further below, the failure of Defendant to respond to the Complaint under the present facts sufficiently demonstrates willfulness. *Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, No. 16 Civ. 5014, 2017 WL 4043325, at *1 (E.D.N.Y. Sept. 12, 2017) (citing *Elgard Corp. v. Brennan Const. Co.*, 248 Fed. App'x 220, 222 (2d Cir. 2007)); *Eastern Sav. Bank, FSB v. Beach,* No. 13 Civ. 341, 2014 WL 923151, at *5 (E.D.N.Y Feb. 12, 2014), *adopted by* 2014 WL 923151 (E.D.N.Y. Mar. 10, 2014); *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007).

Pursuant to Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), service of process on a domestic or foreign corporation, or a partnership or other unincorporated association that is

7

subject to suit under a common name within a judicial district of the United States, may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1); *see* FED. R. CIV. P. 4(h)(1)(A) (providing that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" may be served "in a manner prescribed by Rule 4(e)(1) for serving an individual"); *see also Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 125 (E.D.N.Y. 2011). Personal service upon a corporation under New York law is governed by N.Y. C.P.L.R. § 311, which provides that "[a] business corporation may [ ] be served pursuant to section three hundred six or three hundred seven of the business corporation law." N.Y. C.P.L.R. § 311(a)(1). New York Business Corporation Law § 306 in turn provides that "[s]ervice of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy . . . at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served." N.Y. BUS. CORP. L. § 306(b)(1).

Plaintiff submitted an affidavit of service demonstrating that Defendant was served with the Summons and Complaint on May 10, 2018, "[b]y delivering to and leaving with SUE ZOUKY, authorized agent in the office of the Secretary of the State, State of New York, personally at the office of the Secretary of State, of the State of New York, two (2) true copies thereof" along with a fee of $40.00. DE 8. Plaintiff's method of service of the Summons and Complaint was consistent with the New York law identified above, and, as such, service was properly effected. Defendant has not answered or otherwise responded in any way to the

Complaint, nor did it request an extension of time to respond. In addition, Plaintiff's papers in connection with its motion for default judgment certify that Defendant was served with Plaintiff's moving papers. *See* DE 13 at 3. There is no indication that Defendant's failure to respond to the Complaint or the instant motion, despite being properly served with both, was anything but deliberate. Plaintiff has successfully satisfied the first requirement for entitlement to entry of default judgment.

2.  *Meritorious Defense*

Turning to the next factor, the Court is unable to determine whether either Defendant has a meritorious defense since neither has presented any to the Court. *See Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11 Civ. 46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012); *Bridge Oil Ltd.*, 2008 WL 5560868, at *2. Although Defendant's default constitutes an admission of all the factual allegations stated in the Complaint as to liability, Plaintiff must nevertheless demonstrate that the uncontested allegations set forth valid claims. *See Said*, 2010 WL 1265186, at *2 ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."); *Barshay v. Specified Credit Associates I, Inc.*, No. CV151044, 2016 WL 3578993, at *2 (E.D.N.Y. June 3, 2016), *report and recommendation adopted sub nom.*, *Barshay v. Specified Credit Associates 1, Inc.*, No. 15-CV-1044, 2016 WL 3582058 (E.D.N.Y. June 28, 2016); *see also J & J Sports Prods., Inc. v. Daley*, No. 06 Civ. 0238, 2007 WL 7135707, at *3-4 (E.D.N.Y. Feb.15, 2007) (discussing how "conclusory allegations based on information and belief" are insufficient to support a finding of default-based liability). Here, Plaintiff's motion for default judgment seeks entry of default judgment based on Defendant's violation of 15

U.S.C. § 1692e and 15 U.S.C. § 1692g. *See* Compl. ¶ 37. The Court must therefore determine if Plaintiff's Complaint has stated valid claims for relief under either of these sections of the FDCPA.

### a. FDCPA: General Legal Principles

Congress enacted the FDCPA "with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(e)). Pursuant to the FDCPA, specifically Section 1692e, debt collectors are prohibited from, *inter alia*, the use of "any false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-CV-4356, 2016 WL 6069180, at *3 (E.D.N.Y. Oct. 17, 2016). In turn, "Section 1692g requires that 'within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . the *amount of the debt*.'" *Buccilli v. Foster & Garbus, LLP*, No. 17-CV-7498, 2019 WL 1208792, at *4 (E.D.N.Y. Mar. 12, 2019) (emphasis in oringal) (quoting 15 U.S.C. § 1692g(a)(1)).

"In analyzing whether a communication violates the FDCPA, 'courts apply an objective standard based on the 'least sophisticated consumer.'" *McGinty*, 2016 WL 6069180, at *3 (quoting *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). The "least sophisticated consumer" standard requires a court to "analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and

10

logical deductions and inferences.'" *Dewees*, 506 F. Supp. 2d at 132 (quoting *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005)).

### b. Application to the Complaint

The allegedly violative language taken from the Letter states as follows:

> As of the date of this letter you owe a balance of $122,066.17. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before your check is deposited.
>
> For further information write the undersigned or call (877) 439-8800 to speak with a representative.

Compl., Ex. A; *see* Plaintiff's Memorandum in Support of his Motion for Default Judgment ("Pl.'s Mem.") [DE 13-1] at 6-7. Based on this language, Plaintiff argues that the Letter does not convey "the amount of the debt," and violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692g as a result. Pl.'s Mem. at 7. Plaintiff makes several related arguments as to why the Letter fails to convey the amount of the debt: the Letter (1) fails to provide information which would allow Plaintiff to determine what he would need to pay to resolve the debt at any given moment in the future; (2) fails to state what part of the amount stated is attributable to principal and to interest; and (3) fails to state whether the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made on a date certain. *Id.* Plaintiff's assertions here are without merit.

As Judge Ross recently outlined in *Taubenfliegel v. EGS Fin. Care, Inc.*, No. 18-CV-1962, 2018 WL 3079697 (E.D.N.Y. June 21, 2018), *aff'd*, No. 18-2208, 2019 WL 1499856 (2d Cir. Apr. 4, 2019), several Second Circuit decisions in the past several years have clarified which collection letter language does and does not violate 15 U.S.C. § 1692e and 15 U.S.C. § 1692g.

11

"In [*Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016)], the Second Circuit held that a debt collection letter violated § 1692e because it did not reveal that interest was accruing on the debt at issue—when, in fact, interest was accruing at a rate of 500% per year." *Taubenfliegel*, 2018 WL 3079697, at *2. Central to Plaintiff's claims here, the court in *Avila* approved the "safe harbor" provision from the Seventh Circuit case *Miller v. McCalla, Raymar, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), and in doing so held that the following language immunizes a debt collector from a Section 1692e violation:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Taubenfliegel*, 2018 WL 3079697 at *3 (quoting *Avila*, 817 F. 3d at 76).

Judge Ross went on to point out that in *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), "the debt collection letter listed a 'Total Amount Due,' but stated that that it might 'include estimated fees, costs, additional payments and/or escrow disbursements . . . which are not yet due as of the date' of the letter." *Taubenfliegel*, 2018 WL 3079697, at *3 (quoting *Carlin*, 852 F.3d at 211). The Second Circuit held in *Carlin* that this language violated Section 1692g, and in doing so found the reference to "estimated fees" particularly problematic because "the FDCPA's definition of 'debt' may not include 'unaccrued court costs or attorney fees.'" *Taubenfliegel*, 2018 WL 3079697, at *3 (quoting *Carlin*, 852 F.3d at 216). "In so holding, the *Carlin* court noted that it was 'not ignorant of the safe-harbor statement [it] formulated in *Avila*.' It held, however, that the debt collection letter at issue did not qualify for that protection because it 'only expresse[d] that the Total Amount Due *may* include *estimated* fees and costs.'"

12

*Taubenfliegel*, 2018 WL 3079697, at *3 (emphasis in original) (quoting *Carlin*, 852 F.3d at 216-17).

Finally, Judge Ross recounted that in *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018), the Second Circuit "held that 'if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g.'" *Taubenfliegel*, 2018 WL 3079697, at *4 (quoting *Taylor*, 886 F.3d at 215). The court in *Taylor* "expressly rejected a requirement of exhaustive disclosure, instead approving a collection notice that was silent as to whether a debt is accruing interest, thereby depriving the debtor of information she would need to determine the exact amount of her future debt." *Taubenfliegel*, 2018 WL 3079697, at *4.

In summing up the recent developments in FDCPA case law in this Circuit, Judge Ross observed that "while *Taylor* and *Carlin* have elaborated on the requirements of the FDCPA in situations not addressed by *Avila*, they have not changed *Avila*'s core holding–that a debt collector may comply with the FDCPA by following the formula of the safe-harbor language." *Taubenfliegel*, 2018 WL 3079697, at *4. This conclusion, supported by an extensive review of Second Circuit FDCPA precedent, is fatal to Plaintiff's claims: the language in Defendant's Letter squarely follows the formula of *Avila*'s "safe harbor" language; indeed, it follows the formula nearly verbatim.

Plaintiff has not pointed to any reason why this language is insufficient to immunize Defendant from liability as discussed above. The only case cited by Plaintiff in its memorandum of law on the issue of the viability of his claims is *Balke v. Alliance One Receivables*

*Management, Inc*., No. 16-cv-5624, 2017 WL 2634653 (E.D.N.Y. June 19, 2017). *See* Pl.'s Mem. at 7. As Judge Ross observed, the court in *Balke*

> held that *Carlin* required more than a listing of the current balance and a statement that the "account balance may be periodically increased due to the addition of accrued interest and other charges." *Id.* at *5. It took issue—based on *Avila*—with the fact that the debt collection letter stated only that the charges "may" be added to the balance. *Id.* at *6. But such a statement is expressly permitted by *Avila*'s safe harbor. 817 F.3d at 77. *Balke* does not address the existence of the safe harbor or its effect on the debt collection at issue there. I therefore find its analysis less persuasive than that of other district courts discussed here.

*Taubenfliegel*, 2018 WL 3079697, at *4 n.1. This Court finds that Plaintiff's single, unelaborated reference to *Balke* is not sufficient to outweigh the Second Circuit's "safe harbor" prescription as stated by *Avila* and affirmed by its progeny.

Other district courts in this Circuit have, very recently, examined the continued viability of a "safe harbor" provision's immunization. In *Buccilli v. Foster & Garbus, LLP*, No. 17-CV-7498, 2019 WL 1208792 (E.D.N.Y. Mar. 12, 2019) – a case in which the plaintiff-debtor was represented *by Plaintiff's very counsel here* – Judge Feuerstein reviewed recent FDCPA case law, including *Taubenfliegel*, and came to the same conclusions as Judge Ross. Judge Feuerstein observed that "a debt collector need not use any particular disclaimer[, but that u]sing the language set forth in *Miller* will qualify for safe-harbor treatment . . . and [ ] while it may be preferable for a debt collector to advise[ ] the consumer of the specific rate of increase in the debt over time, . . . [the *Avila* Court] expressly stopped short of requiring this degree of disclosure." *Buccilli*, 2019 WL 1208792, at *5 (internal quotations marks and citations omitted). Moreover, Judge Feuerstein observed that "the Second Circuit has just affirmed that the [*Kolbasyuk v. Capital Mgmt. Servs., LP*, No. 17-CV-07499, 2018 WL 1785489, at *1 (E.D.N.Y. Apr. 14, 2018), *aff'd*, 918 F.3d 236 (2d Cir. 2019)] collection letter, which contained the same safe-harbor

language as in the *Avila* collection letter . . . did not violate § 1692e." *Buccilli*, 2019 WL 1208792, at *6 (citing *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 242 (2d Cir. 2019) ("[W]e . . . reaffirm today what we said previously in *Avila*[, 817 F.3d at 77]: use of the *Miller* 'safe harbor' language immunizes a debt collector from a Section 1692e claim predicated upon an alleged 'fail[ure] to disclose that the consumer's balance may increase due to interest and fees.'") (citation omitted)).

Judge Chen came to essentially the same conclusion in *Shevchuk v. Advanced Call Ctr. Techs., LLC*, No. 18-CV-00894, 2019 WL 1441129 (E.D.N.Y. Apr. 1, 2019), finding that safe harbor language in a collection letter sufficiently complied with *Avila* and its progeny to immunize the defendant. *See Sheychuk*, 2019 WL 1441129, at *4 ("Defendant's Letter [ ] does not violate either § 1692(g) or § 1692(e) of the FDCPA because it states the amount due, rather than an estimated amount, and complies with *Avila*'s requirement that 'debt collectors, when they notify consumers of their account balance, [ ] disclose that the balance may increase due to interest and fees.'").

### B. Plaintiff's FDCPA Claims in the Context of Defendant's Default

A court resolving a motion for entry of default judgment applies essentially the same standard as a court resolving a Rule 12(b)(6) motion to dismiss. *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014) (finding that the district court "properly applied an identical standard" in assessing a motion to dismiss and a motion for entry of default judgment). Specifically, as previously explained, the Court must accept a complaint's well-pleaded allegations as true and determine whether a plaintiff has sufficiently pleaded the claims for which he seeks redress. *Id.*; *Roberts v. Bennaceur*, No. 3:12-CV-01222, 2015 WL 1471889, at *17 (D. Conn. Mar. 31, 2015) ("I apply the same standard to assess the propriety of default judgment as I

would apply to a motion to dismiss; in other words, I must accept as true all factual matter alleged in the complaint and draw all reasonable inferences in a plaintiff's favor."), *aff'd*, 658 F. App'x 611 (2d Cir. 2016).

Yet while the Court must accept the well-pleaded allegations in the Complaint as true for purposes of Plaintiff's motion for entry of default judgment, "the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law." *Chavez v. MCS Claim Servs., Inc*, No. 15-CV-3160, 2016 WL 1171586, at *1 (E.D.N.Y. Mar. 23, 2016); *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (same); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court retains discretion under [Federal Rule of Civil Procedure] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action . . . .").

In light of the state of the law as described above – a state with which Plaintiff's counsel is no doubt familiar given counsels' experience in this area of practice – the Court finds Plaintiff's claims under 15 U.S.C. § 1692e and 15 U.S.C. § 1692g are not viable as a matter of law. Specifically, the safe harbor provision contained in Defendant's Letter immunizes Defendant from liability under 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. Plaintiff's claims under these provisions of the FDCPA must fail as a result. *See Sheychuk*, 2019 WL 1441129, at *4 (finding a safe harbor provision precludes liability under either Sections 1692e or 1692g); *Buccilli*, 2019 WL 1208792, at *5-*8 (same); *Taubenfliegel*, 2018 WL 3079697, at *4 ("The defendant's collection letter here does not violate either § 1692e or § 1692g because it qualifies for the protection of *Avila*'s safe harbor. It lists the actual amount due (rather than an estimated amount), states that that amount may increase due to interest or other charges, and provides a way for the debtor to contact the debt collector."). Because Plaintiff's Complaint does not raise a

16

viable claim for breach of either Section 1692e or Section 1692g of the FDCPA, Plaintiff's motion for entry of default judgment must be denied. The remainder of the default judgment analysis – *i.e.*, whether Plaintiff would be prejudiced were he not granted the relief he seeks, as well as whether he is entitled to the relief he seeks – is therefore moot.

## V. CONCLUSION

For the foregoing reasons, the Court therefore respectfully recommends to Judge Spatt that Plaintiff's motion for default judgment be DENIED.

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* FED. R. CIV. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon the Defendant forthwith by overnight mail and first-class mail and to file proof of such service on ECF promptly.**

                        **SO ORDERED.**

Dated: Central Islip, New York
    August 22, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge