FILED
CLERK
11:29 am, Sep 20, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CHRISTOPHER BYRNES,

               Plaintiff,

    -against-

ELTMAN LAW, P.C.,

               Defendant.
---------------------------------------------------------X

**ADOPTION ORDER**
2:18-cv-01485 (ADS) (AKT)

**SPATT, District Judge**:

On March 9, 2018, the Plaintiff commenced the instant action against Defendant Eltman Law, P.C. ("Defendant") for its alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

On June 27, 2018, the Clerk of the Court certified the Defendant's default based upon its failure to answer or otherwise appear in this action.

On November 14, 2018, the Plaintiff filed the instant motion for a default judgment.

On November 15, 2018, the Court referred the motion to United States Magistrate Judge A. Kathleen Tomlinson for a report and recommendation as to whether the motion should be granted, and if so, what if any relief should be given.

On August 22, 2019, Judge Tomlinson issued a Report and Recommendation ("R&R") that the Plaintiff's motion for default judgment be denied because the Plaintiff's claims under 15 U.S.C. § 1692e and 15 U.S.C. § 1692g are not viable as a matter of law.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Court denies the Plaintiff's motion for default judgment and dismisses the Complaint with prejudice for failure to state a claim as a matter of law. *See, e.g.*, *Mateo v. Universal Language Corp.*, No. 13-CV-2495 NGG JO, 2015 WL 5655689, at *8 (E.D.N.Y. Sept. 4, 2015), *report and recommendation adopted*, No. 13-CV-2495 NGG JO, 2015 WL 5664498 (E.D.N.Y. Sept. 24, 2015); *Gesualdi v. VLF11 Mgmt. Corp.*, No. 11-CV-4083 ARR RLM, 2013 WL 1192979, at *1 (E.D.N.Y. Mar. 22, 2013).

The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED**.

Dated: Central Islip, New York

September 20, 2019

                                              ___/s/ Arthur D. Spatt_____

                                              ARTHUR D. SPATT

                                              United States District Judge